Kenneth MacLEAN, Executor of the Estate of David Jamie Pithie, Deceased, Plaintiff–Appellant,

v.

FORD MOTOR COMPANY, Ford Electronics and Refrigeration Corporation, Ford Aerospace and Communications Corporation, Manufacturers National Bank of Detroit, Trustee for Ford Motor Company's Savings and Stock Investment Plan, and also that of Ford Aerospace and Communications Corporation, Ford Electronics and Refrigeration Corporation, and Allen David Pithie, Defendants–Appellees.

No. 86–2819.

United States Court of Appeals, Seventh Circuit.

Argued April 1, 1987.

Decided Sept. 21, 1987.

---

Robert G. Burton, Burton & Simkin, Richmond, Ind., for plaintiff-appellant.

Lisa Stone Sciscoe, Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for defendants-appellees.

Before BAUER, Chief Judge, FLAUM and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

In this case, we must decide whether the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, preempts state law governing testamentary transfers. The appellant, Kenneth MacLean, is the executor of the estate of David Jamie Pithie (the decedent). Mr. MacLean filed suit to collect, on behalf of the estate, the assets accumulated in the decedent's Savings and Stock Investment Plan (SSIP or Plan). The decedent was employed by Ford Motor Company, Ford Electronics and Refrigeration Corporation, and Ford Aerospace and Communications Corporation (collectively referred to as Ford) for over

twenty years prior to his death. Manufacturers National Bank of Detroit (Bank) serves as the trustee for Ford's SSIP. Mr. MacLean filed a motion for summary judgment, claiming that the decedent's SSIP assets should be distributed in accordance with the terms of his will. The appellees filed a motion for summary judgment, contending that the SSIP assets should be distributed in accordance with the terms of the SSIP's beneficiary designation provision. The district court granted the appellees' motion for summary judgment. We affirm.

## I

### Facts

The material facts underlying this case are undisputed. The decedent was employed by Ford prior to his death, and during his employment, he participated in Ford's SSIP. A prospectus dated April 30, 1983 contained Ford's newly implemented policy regarding the designation of SSIP beneficiaries. The prospectus, in pertinent part, provided:

> Designation of Beneficiaries. Effective on and at all times after January 1, 1983, a member shall be deemed to have designated as beneficiary or beneficiaries under the Plan the person or persons who are entitled in the event of the member's death to receive the proceeds under the Company's Group Life Insurance Plan unless such member shall have filed with the Company on or after November 1, 1982, a written designation of a different beneficiary or beneficiaries.... Any designation of beneficiary under the Plan shall be controlling over any testamentary or other disposition....

R.10, Ex. 1 at 50, ¶ XXX.[1]

The decedent never executed a beneficiary clause to designate the person he

---

1. Ford notified its employees about the new beneficiary designation provision in documents other than the April 1983 prospectus. A "Reminder Concerning Changes in SSIP Beneficiary Designation" was included in a bulletin entitled "Your World of Pay, Benefits, and Employe Programs," dated December 15, 1982. This reminder stated that:

> You are reminded that, effective January 1, 1983, the beneficiary designation you had on file for your SSIP assets will be cancelled. Beginning in 1983, the person who receives your Corporation-paid life insurance proceeds will also receive your SSIP assets in the case of your death—unless you file a new SSIP designation. If you have assigned ownership

wanted to be the recipient of the SSIP assets upon his death. However, in 1963, he had designated Allen David Pithie, his son, as the beneficiary of the proceeds from his life insurance policy with a group carrier for Ford. R.5, Ex. H.

The decedent executed his will on October 4, 1984 and died on October 25, 1984. The will, *inter alia,* provided that the residue of the decedent's estate be distributed in the following manner: three-fourths of the residue to the decedent's sister, if she survives, and if not, to the decedent's brother-in-law, and if neither of them survives, to the decedent's niece; and one-fourth of the residue to the decedent's son, if he survives the decedent, and, if not, then to the same persons receiving the three-fourths share. R.5, Ex. D. The decedent intended that the SSIP assets be included as part of the estate. Affidavit of Lawrence M. Simkin, R.4, Ex. B ¶ 5. The issue presented in this case is whether the SSIP assets pass with the residue of the decedent's estate under the terms of his will or whether the SSIP assets are distributed to the designated beneficiary of his life insurance policy in accordance with the terms of the employee pension plan.

## II

### The District Court Opinion

The district court held that the provisions under the employee pension plan for the designation of beneficiaries preempted the state testamentary transfer law and accordingly granted the appellees' motion for summary judgment. The court stated that "[c]learly, a state law which would change the beneficiary designated by the terms of an employee benefit plan is a law relating to the plan and as such would be superseded by ERISA." *MacLean v. Ford Motor Co.,* No. 85–1305–C, mem. op. at 4–5 (S.D. Ill. Oct. 8, 1986); R.16 at 4–5 [hereinafter Mem. op.]. The court further noted that Ford and Manufacturers upheld their fiduciary obligations under ERISA by holding the assets accrued in the plan for the beneficiary designated by the terms of the plan. Finally, the court observed that, if the decedent had desired his SSIP assets to pass through his will, this intent could have been effectuated in accordance with the terms of the plan by filing with Ford a written designation of the intended beneficiaries. As the court noted, "neither the decedent nor his attorney attempted to provide Ford with the written notification required to alter the beneficiary designation provided by the terms of the plan." *Id.* at 5.

## III

### Analysis

#### A. *The Standard of Review*

The district court decided this case on the appellees' motion for summary judgment. As the Supreme Court has stated, "Rule 56(c) [of the Federal Rules of Civil Procedure] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party

---

of your Corporation-paid life insurance, you should take special note of this change.

If you are not sure whom you designated as the beneficiary for your Corporation-paid life insurance proceeds, you may redesignate a beneficiary by completing a Form 20, Life Insurance Status Change. Form 20 is available from the Benefits Representative for your work location.

If you wish to name a different beneficiary specifically for your SSIP assets, it will be necessary to file a SSIP beneficiary designation (Form 1714, Nov 82) which is also available from the Benefits Representative for your work location. Form 1714 may be submitted at this time to become effective January 1, 1983, or you may submit a beneficiary change at any time after January 1, 1983.

R.10, Ex. 2 at 1. Further, a supplement issued on September 27, 1982 to the April 30, 1982 prospectus described SSIP changes that would become effective January 1, 1983. The supplement stated that:

The beneficiary for your SSIP assets in the event of your death will be the person or persons who receive your Company group life insurance proceeds. You may, however, designate a different beneficiary for your SSIP assets by filing a designation form with the Company on or after November 1, 1982. In any event your current SSIP beneficiary designation will be cancelled at the end of 1982.

R.10, Ex. 3 at 1.

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In reviewing the district court's grant of summary judgment, "all factual inferences must be taken in favor of the opposing party and against the moving party." *Vachet v. Central Newspapers, Inc.,* 816 F.2d 313, 316 (7th Cir.1987). "[W]e must decide whether the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Colan v. Cutler–Hammer, Inc.,* 812 F.2d 357, 360 (7th Cir.1987) (per curiam). In this case, we agree with the district court that, after drawing all factual inferences in favor of the appellant, no genuine issue of material fact exists and that summary judgment for the appellees was properly granted.

### B. *The Preemptive Scope of ERISA*

It is undisputed in this case that the SSIP is an "employee pension benefit plan" as defined by 29 U.S.C. § 1002(2)(A) and that it is covered by ERISA pursuant to 29 U.S.C. § 1003(a). ERISA defines the term "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). In this case, the terms of the SSIP provided a mechanism for determining who would be the beneficiary. After January 1, 1983, unless the employee filed a written designation of a different beneficiary, the employee would be deemed to have designated as the beneficiary the recipient of his group life insurance policy. The terms of the SSIP further stated that "[a]ny designation of beneficiary under the Plan shall be controlling over any testamentary or other disposition...." R.10, Ex. 1 at 50, ¶ XXX. Therefore, if ERISA preempts state law, it is clear that, according to the terms of the plan, the decedent's son, as the designated beneficiary of the life insurance policy, would be the recipient of the SSIP assets.

In determining whether a state law is preempted by ERISA, " 'the purpose of Congress is the ultimate touchstone.' " *Fort Halifax Packing Co. v. Coyne,* —— U.S. ——, 107 S.Ct. 2211, 2216, 96 L.Ed.2d 1 (1987) (quoting *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 747, 105 S.Ct. 2380, 2393, 85 L.Ed.2d 728 (1985)). The sponsors of ERISA in Congress emphasized the importance of the preemption provisions. As stated by Senator Williams:

> It should be stressed that with the narrow exceptions specified in the bill, the substantive and enforcement provisions of the conference substitute are intended to preempt the field for Federal regulations, thus eliminating the threat of conflicting or inconsistent State and local regulation of employee benefit plans. This principle is intended to apply in its broadest sense to all actions of State or local governments, or any instrumentality thereof, which have the force or effect of law.

120 Cong.Rec. 29,933 (1974).

The "statutory complexity" of ERISA's three preemption provisions, *Metropolitan Life,* 471 U.S. at 740, 105 S.Ct. at 2389, require us to examine them carefully before we determine whether the Indiana law governing testamentary transfers is preempted. Section 514(a) of ERISA, the preemption clause, contains broad preemption language: "Except as provided in subsection (b) of this section [the saving clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). Another provision, section 514(b)(2)(A) of ERISA, the saving clause, exempts state laws regulating insurance, banking or securities from the preemptive scope of ERISA. Finally, a third preemption provision, the deemer clause, mandates that:

> Neither an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to

be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

29 U.S.C. § 1144(b)(2)(B). The Supreme Court has summarized the interrelationship of the three preemption provisions as follows:

If a state law "relate[s] to ... employee benefit plan[s]," it is pre-empted. § 514(a). The saving clause excepts from the pre-emption clause laws that "regulat[e] insurance." § 514(b)(2)(A). The deemer clause makes clear that a state law that "purport[s] to regulate insurance" cannot deem an employee benefit plan to be an insurance company. § 514(b)(2)(B).

*Pilot Life Ins. Co. v. Dedeaux,* — U.S. ——, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987). Because neither the saving clause nor the deemer clause apply in this case, we must focus our inquiry on the question of whether the state law relates to an employee benefit plan.

The phrase "relate to any employee benefit plan" has been given "its broad common-sense meaning," so that a "state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Id.* 107 S.Ct. at 1553 (quoting *Metropolitan Life,* 471 U.S. at 739, 105 S.Ct. at 2389). Further, the preemption clause cannot "be interpreted to pre-empt only state laws dealing with the subject matters covered by ERISA—reporting, disclosure, fiduciary responsibility, and the like." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). Instead, the clause's preemptive scope is "as broad as its language." *Id.*

The Supreme Court recently emphasized that ERISA's broad preemptive scope was designed to avoid the problem of an employer with employees in several states having to comply with different regulations in each state. As the Court stated:

ERISA's pre-emption provision was prompted by recognition that employers establishing and maintaining employee benefit plans are faced with the task of coordinating complex administrative activities. A patchwork scheme of regulation would introduce considerable inefficiencies in benefit program operation, which might lead those employers with existing plans to reduce benefits, and those without such plans to refrain from adopting them. Pre-emption ensures that the administrative practices of a benefit plan will be governed by only a single set of regulations.

*Fort Halifax Packing,* 107 S.Ct. at 2217.

Despite the far-reaching scope of ERISA's preemption provisions, "ERISA pre-emption analysis 'must be guided by respect for the separate spheres of governmental authority preserved in our federalist system.' ... If a State creates no prospect of conflict with a federal statute, there is no warrant for disabling it from attempting to address uniquely local social and economic problems." *Id.* at 2221 (quoting *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 522, 101 S.Ct. 1895, 1905, 68 L.Ed.2d 402 (1981)).[2]

### C. *Application of Governing Principles to this Case*

With these principles to guide us, we must determine whether ERISA preempts state testamentary transfer law in determining the beneficiary of the decedent's SSIP assets. We agree with the district court that the state law "relate[s] to" the terms of the SSIP and, therefore, the state law is preempted.

In this situation, the state testamentary law has "a connection with or reference to

---

**2.** For example, in *Fort Halifax Packing Co. v. Coyne,* — U.S. ——, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987), the Supreme Court held that a Maine statute requiring employers to make a one-time severance payment to employees when a plant closed was not preempted by ERISA. The Court reasoned that the statute did not establish an employee benefit plan, nor did it require the employer to develop an administrative scheme to meet the statute's requirements. Because the statute created "no impediment to an employer's adoption of a uniform benefit administrative scheme," the Court held that it was not preempted by ERISA. *Id.* 107 S.Ct. at 2219.

[the SSIP]," *Pilot Life,* 107 S.Ct. at 1553, because, if applied, the state law would determine the distribution of assets under the Plan. The SSIP includes a specific method of identifying the designated beneficiary. Applying state testamentary transfer law to determine the beneficiary under the terms of the decedent's will would not only relate to the Plan, but would interfere with the administration of the Plan and violate its terms. When, as here, the terms of an employee pension plan under ERISA provide a valid method for determining the beneficiary, that mechanism cannot be displaced by the provisions of a will.

In addition, our decision that ERISA preempts state testamentary law furthers the congressional goal of avoiding "[a] patchwork scheme of regulation." *Fort Halifax Packing,* 107 S.Ct. at 2217. The laws governing testamentary transfers vary from state to state. To ensure uniformity and to facilitate administration of plans, employers often include a mechanism in the plan for determining the beneficiary of the plan's assets. As the Supreme Court acknowledged in *Fort Halifax Packing:*

> While death benefits may represent a one-time payment from the perspective of the beneficiaries, the employer clearly foresees the need to make regular payments to survivors on an ongoing basis. The ongoing, predictable nature of this obligation therefore creates the need for an administrative scheme to process claims and pay out benefits, whether those benefits are received by beneficiaries in a lump sum or on a periodic basis.

*Id.* at 2219 n. 9. The inclusion of such a provision was clearly contemplated by Congress as indicated by the definition of beneficiary under ERISA: "[A] person desig-

nated by a participant, or *by the terms of an employee benefit plan,* who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8) (emphasis supplied). To allow a plan's beneficiary designation provision to be preempted by state testamentary law would frustrate the congressional objective of preventing inconsistent state laws from regulating employee pension plans.[3]

## Conclusion

Because we conclude that the provisions of ERISA preempt state testamentary law in this case, we hold that the designation of beneficiary provision contained in the SSIP determines the recipient of the plan's assets. Accordingly, we affirm the judgment of the district court.

AFFIRMED.

---

3. The appellant also contends that the transfer of the SSIP assets to a "deemed beneficiary" under the plan's provision constitutes an invalid testamentary transfer under Indiana law. As the district court correctly noted, *MacLean v. Ford Motor Co.,* No. 85–1305–C, mem. op. at 5 (S.D.Ill. Oct. 8, 1986), this court need not decide this question because the state law has been preempted by ERISA.

The appellant further maintains that even if ERISA preempts state law, state law should be adopted as federal substantive law. *See* Appellant's Br. at 35–40. We find this argument unpersuasive because ERISA provides that plans may contain beneficiary designation provisions such as the one included in Ford's SSIP.