## URBAN HEALTH SERVICES, LTD., Plaintiff,

v.

## The TRAVELERS INSURANCE COMPANY, Defendant.

### No. 88 C 5321.

United States District Court,
N.D. Illinois, E.D.

Jan. 9, 1989.

Burton A. Brown, P.C., Chicago, Ill., for plaintiff.

William G. Beatty, Leah R. Cooper, Johnson, Cusack, & Bell, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM ORDER

ZAGEL, District Judge.

Plaintiff, Urban Health Services, filed a complaint in May of 1988 in the Circuit Court of Cook County claiming breach of a written contract for health insurance by defendant, The Travelers Insurance Company. Specifically the complaint alleges that defendant denied plaintiff benefits due in the amount of $2,406.00 under a group insurance policy. The policy was issued by defendant to Time, Inc. as part of an employee benefit plan. Marcie Payne, an employee of Time, Inc., was insured under the policy. Payne received medical services from plaintiff and in exchange for these services assigned her right to benefits under the policy to plaintiff.

On June 22, 1988 the Honorable Michael R. Weber of the Circuit Court, County of Cook, entered a default judgment in favor of plaintiff for $2,406.00 plus costs. A motion to vacate the judgment was entered in Circuit Court and is currently pending for reconsideration.

Defendant entered a motion to remove this action to federal court, arguing that federal court is the proper forum to hear the complaint because the Employee Retirement Income and Security Act (ERISA) governs this action. This court requested briefing on the issue of preemption to be submitted by October 12, 1988.[1]

## Discussion

ERISA regulates, among other things, employee welfare benefit plans that, "through the purchase of insurance or otherwise" provide medical, surgical or hospital care or benefits in the event of sickness, accident, disability or death. 29 U.S.C.A. 1002(1).[2] The purpose of ERISA is to provide uniformity in employee benefit laws. *Holland v. Burlington Industries, Inc.,* 772 F.2d 1140, 1147 (4th Cir.1985), *aff'd,* 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 559 (1986). To this end the Supreme Court has consistently given a broad reading to ERISA's explicit preemption provision. The preemption clause, 29 U.S.C.A. sec. 1144(a), provides:

Except as provided in subsection (b) of this Section, the provisions of this subchapter and subchapter III of this Chapter shall supersede any and all State laws insofar as they may now and hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

The Supreme Court has stated that:

A law 'relates to' an employee benefit plan in the normal sense of the phrase, if it has connection with reference to such a plan.... Congress used the words 're-lates to' in sec. 1144(a) in their broad sense. To interpret sec. 1144(a) to preempt only State laws specifically designed to affect employee benefit plans

would be to ignore the remainder of it [sec. 1144].

*Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). *See also Pilot Life Insurance v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987) (state suit alleging improper processing of claims for benefits under ERISA-regulated plan brought under State common-law cause of action for bad faith in insurance transaction was preempted by federal law); *Maclean v. Ford Motor Co.,* 831 F.2d 723 (7th Cir. 1987) (state testamentary law preempted); *Mid America Hotel Corp. v. Bernstein,* 664 F.Supp. 384 (N.D.Ill.1987).

One exception to preemption by ERISA exists for state laws that "regulate insurance." 29 U.S.C.A. sec. 1144(b)(2)(A). This case, however, does not fall within this exemption. The Supreme Court specifically states that "[A] common sense view of the word 'regulates' would lead to the conclusion that in order to regulate insurance, a law must not just have an impact on the insurance industry, but be specifically directed toward that industry." *Pilots Life Ins. Co.,* 107 S.Ct. at 1554. No plausible reading of state contract law would find that it is directed toward regulating the insurer-insured relationship.

■ The preemptive scope of ERISA is intended to be broad, Congress expressly rejected a narrower provision which would have preempted only state laws geared toward ERISA plans. Plaintiff's complaint falls within the broad regulatory scope of ERISA and therefore is within the jurisdiction of the federal courts. 29 U.S.C.A. sec. 1132(e).

■ For the foregoing reasons defendant's petition for removal to this Court is

---

**1.** After granting the parties an extension to file, this Court received defendant's Memorandum in Support of Petition for Removal. Next, the Court received plaintiff's Motion to Dismiss Verified Petition for Removal. We assume that this motion is in response to the request for briefing on the preemption issue because we have received no other papers from plaintiff who was aware of this court's request for briefing and

even agreed to an extension of the briefing schedule.

**2.** Plaintiff does not dispute that the policy at issue is subject to ERISA. From the record before us, there is no reason to believe that the policy is exempt from ERISA regulation, therefore we assume that it is an ERISA regulated benefit plan.

granted.[3]  Costs are denied.

Anna M. Kelly, Chicago, Ill., pro se.

Debra L. Stefanik, Dept. of Justice, Washington, D.C., for U.S.

---

**3.** Plaintiff argues that because a default judgment was entered in the Circuit Court the action is *res judicata*. Given that a motion to vacate the default judgment is pending and there was no litigation on the merits of the case, the doctrine of *res judicata* is not applicable to the petition for removal.