**Rosemary RIORDAN, Plaintiff,**

v.

**COMMONWEALTH EDISON COMPANY, an Illinois Corporation, Defendant.**

No. 95 C 1027.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 26, 1996.

Eugene F. Keefe and James Joseph Kupka, Alholm & Monahan, Chicago, IL, for Rosemary Riordan.

Lisa D. Freeman, Amoco Corporation, Sharon L. King and James William Hitzeman, Sidley & Austin, Chicago, IL, for Commonwealth Edison.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiff Rosemary Riordan (Rosemary) brings this action against defendant Commonwealth Edison (ComEd) to recover benefits she claims she is due under the terms of an employee benefit plan ComEd offers its employees. The parties have filed cross-motions for summary judgment.

### I. BACKGROUND

The material facts in the case are undisputed. Rosemary married James Riordan (James) in April 1956. James had been working for defendant ComEd since 1953. The company offered life insurance coverage through Aetna Life Insurance Co. (Aetna) under policy number T–506002. The plan qualifies as a welfare benefit plan under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. ComEd is a plan administrator under § 1002(16)(A)(i) of ERISA.

The Riordans had four children between December 1958 and December 1969. In June 1977, the couple separated. A judgment for legal separation was issued in the Circuit Court of Cook County in 1981. It stated that James was to maintain life insurance for the benefit of his minor children and to maintain Rosemary on all policies under which she was then a beneficiary. Pursuant to the order, Robert Stauder, ComEd's benefits supervisor, typed the term "irrevocable" on the policy's beneficiary designation form, which James signed designating plaintiff as his beneficiary. According to company practice, this limited an employee's otherwise unrestricted right under the policy to change his beneficiary unless a subsequent court order mandated otherwise.

In October 1982, ComEd began offering employees insurance coverage under a new Aetna policy, # GL–506002, which included the following provision:

An employee ... may designate a beneficiary, and from time to time change his designation of beneficiary, by written request filed at the headquarters of the Policyholder or at the Home Office of the Insurance Company.

The policy contains no provision pertaining to irrevocable beneficiaries. ComEd, in summary plan descriptions, stated that the participant "may change (the) beneficiary designation at any time by submitting a new Beneficiary Designation card." In 1982, when ComEd changed policies, the company sent James a letter explaining his benefits under the new policy and confirming its understanding that a "divorce decree" obligated James to designate Rosemary as the beneficiary for $50,000 of life insurance. James updated his beneficiary form under the new policy, again naming Rosemary as an irrevocable beneficiary for $50,000.

On November 24, 1986, a Judgment for Dissolution of Marriage between James and Rosemary was entered in the Circuit Court of Cook County. The order directed James to:

maintain no less than $50,000 worth of life insurance on his life and he shall maintain the minor child, James, as irrevocable beneficiary thereon ... until the child reaches his majority or is otherwise emancipated.

The order does not specify a particular benefit plan or policy on which this insurance was to be maintained. It does not state that James was to maintain any existing life insurance in Rosemary's name, as the previous order had. ComEd sent James a letter in January 1987, apparently in response to a request for clarification from him, that stated:

"You previously had the $50,000 irrevocable payable to your ex-wife. The current

divorce decree indicates irrevocable insurance to the minor child. Please complete the enclosed beneficiary card naming the minor child for the $50,000 and the balance payable to ____."

James never changed the beneficiary to his youngest child, James Edward, although plaintiff stated that at the time of their divorce, her ex-husband indicated that he would keep the $50,000 in her name until their son was of age. James Edward turned 18 on December 10, 1987. The elder James remarried in May 1988 and in June of that year named his new wife, Irene, as his sole beneficiary under the life insurance policy with Aetna. In January 1992, James died without having changed his beneficiary again. Irene Riordan received benefits under the policy from Aetna in February 1992.

In approximately June 1994, Beverlee Viggiano, the Riordans' oldest child, found a copy of the designation form from October 1982 that named plaintiff as an irrevocable beneficiary. Claiming that she is entitled to the $50,000 listed on the designation form, Rosemary brought this action in the Circuit Court of Cook County. Defendant removed it to federal court, asserting jurisdiction under ERISA, and moved to dismiss, claiming that ERISA preempted plaintiff's state law action. Plaintiff responded that her claim was not brought under state law and that to withstand a motion to dismiss, she need not specify a particular legal theory or statute. Although ComEd argued that the complaint did not make specific allegations regarding the ERISA plan and defendant's duties under it, the court denied the motion to dismiss because plaintiff had not explicitly relied on state law in her complaint and the allegations therein adequately informed defendant of the nature of the event plaintiff sued on. *Daniels v. USS Agri–Chemicals*, 965 F.2d 376, 381 (7th Cir.1992). Under Fed.R.Civ.P. 8, plaintiff had sufficiently pled a § 1132(a)(1)(B) cause of action because she had simply alleged that she was a plan beneficiary, that the insured had died and that she had been denied benefits. Nothing in the complaint indicated that Rosemary would be unable to prove under ERISA that defendant wrongfully denied her benefits. Having

completed discovery, both parties now move for summary judgment.

## II. STANDARD

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party has the burden of submitting affidavits and other evidentiary material to show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If the moving party meets its burden, the nonmoving party has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).

## III. DISCUSSION

In her motion for summary judgment, plaintiff asserts that under § 1132(a)(1)(B) of ERISA, plan beneficiaries may sue to recover benefits due under the terms of the plan. She claims that she is entitled as a matter of law to the $50,000 amount listed in the October 1982 designation form because under Illinois contract law principles, James' listing her as an "irrevocable beneficiary" made her a third-party beneficiary of a contract between James and ComEd. Plaintiff asserts that James' subsequent change in beneficiary—to his second wife Irene—did not extinguish her own right to the $50,000 because of the use of the unambiguous term "irrevocable" on the form. Further, Rosemary relies on the separation and divorce decrees as evidence that James' obligation to maintain her as a beneficiary on his life insurance policy was never explicitly terminated.

ComEd responds that this action is governed entirely by ERISA and that Illinois contract law actions relating to an ERISA benefit plan is preempted under § 1144 of the Act. It asserts that claims for benefits must be resolved in accordance with the written terms of the plan. *See* 29 U.S.C. § 1104(a)(1)(D). According to the terms of the life insurance policy at issue, employees could change their beneficiary whenever they

liked as long as they submitted a new beneficiary designation in writing. When James did so, naming his second wife Irene, plaintiff lost her beneficiary status. ComEd claims that plaintiff's reliance on the term "irrevocable" on the beneficiary designation card is merely an attempt to circumvent the terms of the plan and apply Illinois contract law. Therefore, defendant concludes, because plaintiff's claim for benefits is controlled by federal law, the Illinois law she cites to support her claim is preempted. *Metropolitan Life Insurance Co. v. Croom*, 1993 WL 181883 (N.D.Ill.1993).

Plaintiff concedes that jurisdiction exists under ERISA and that ERISA preempts state law actions. In fact, from the outset, she has asserted ERISA jurisdiction under § 1132(a)(1)(B), which allows a plan beneficiary to bring a civil action in federal court to recover benefits due under the terms of a plan.[1] Her argument is that state law is still relevant when interpreting the terms of an ERISA plan because federal courts look to state law concepts when crafting federal common law. Therefore, although this is an ERISA action, the court should look to Illinois contract and insurance law concepts to interpret the plan. Plaintiff claims that the "dearth of federal authority and the relative wealth of state authority on insurance issues [make] it fitting, appropriate and indeed necessary for federal courts to look to state authority in deciding insurance benefit issues." As a result, according to plaintiff, Illinois concepts of irrevocable beneficiaries should be integrated into the federal common law developed under ERISA. *Haley v. American International Life Assurance Co. of New York*, 789 F.Supp. 260, 262 (N.D.Ill. 1992) (because federal common law on defining a policy term was "still in its formative stage," court looked to state law that interpreted identical language). Relying on Illinois contract law, plaintiff states that the term "irrevocable" is an unambiguous contract term and should be given its plain and ordinary meaning.

Defendant responds that following plaintiff's methodology in this instance would defeat the goal of ERISA preemption, which is a "uniform body of benefits law" that eliminates the result of the same plan being interpreted differently in different jurisdictions. *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co.*, 514 U.S. 645, ——, 115 S.Ct. 1671, 1677, 131 L.Ed.2d 695 (1995). Although Congress expected courts to create a body of federal common law under ERISA, this is done only when "ERISA itself does not expressly address the issue before the court." *Thomason v. Aetna Life Insurance Co.*, 9 F.3d 645, 647 (7th Cir.1993) (internal quotes and citations omitted). While federal courts may look to state law concepts of contract interpretation when forming federal common law under ERISA, they may do so only to the extent that the state law does not conflict with ERISA or its policies. *Id.*

The parties have cast the central and decisive issue as one of simple preemption—whether state law is appropriate in this instance to interpret the terms of an ERISA plan. There are several difficulties with the assumptions that underlie these arguments. The court's first task is to dissect plaintiff's claim, which she originally filed in state court. ComEd removed the case to federal court and moved to dismiss, arguing that plaintiff's claim was based on state law and was therefore preempted by ERISA. Plaintiff responded that bringing her claim in state court did not necessarily indicate that it was a state law action because state courts have jurisdiction over actions to recover benefits due under the terms of an ERISA plan. 29 U.S.C. § 1132(e)(1). The court held that plaintiff had sufficiently pled a § 1132(a)(1)(B) cause of action.

Although this maneuvering allowed plaintiff to escape dismissal, asserting that her claim is one brought under § 1132(a)(1)(B) does not insure her success at the summary judgment stage. Plaintiff incorporates the terms of the plan into her action by alleging that she is a third-party beneficiary of a

---

1. For jurisdictional purposes, anyone with a colorable claim is treated as a "beneficiary" under ERISA. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117–118, 109 S.Ct. 948, 957–58, 103 L.Ed.2d 80 (1989).

contract that existed between ComEd and her ex-husband as a result of the signing of the beneficiary designation form. She then asserts that the terms of the plan are also the terms of this separate contract. Plaintiff offers no authority, either legal or factual, to support her claim that a contract controlled by ERISA was formed as the result of ComEd's typing the term "irrevocable" on a designation form.

The assertion that ComEd and James formed a contract actually resembles the state law claims in *Riemma v. Bekins Van Lines Co.,* 1996 WL 99899 (N.D.Ill.), where the plaintiff alleged a breach of an implied contract between employee and employer to diligently process claims, and *Tesch v. General Motors Corp.,* 685 F.Supp. 1084 (E.D.Wis. 1988), where the plaintiff charged the administrator with negligent processing of beneficiary forms. While both courts held that ERISA preempted the plaintiffs' state law claims, they granted leave to amend to plead a cause of action under ERISA. Both plaintiffs filed amended complaints alleging under § 1132(a)(2) that their employers had breached their fiduciary duty by failing to adequately inform plan participants of how to change a beneficiary.

█ The decisions of the plaintiffs in those cases to bring actions for breach of fiduciary duty against an employer or plan administrator—instead of actions under § 1132(a)(1)(B)—highlight the first difficulty with the instant case. ComEd is the plan administrator. The court notes, because ComEd did not, that § 1132(a)(1)(B) actions to recover benefits can only be brought against the plan as an entity. *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1490 (7th Cir.1996); 29 U.S.C. § 1132(d)(2). Although ComEd generally asserted in its motion to dismiss that plaintiff did not allege what relationship ComEd had with the plan, it failed to pursue the issue in its motion for summary judgment, where the record indicates that ComEd is the plan administrator and the plan itself is Commonwealth Edison Employees' Life Insurance Plan.[2]

█ There are serious flaws in plaintiff's case even if she had named the plan as a defendant. Under § 1132, plaintiff may prove that she is entitled to benefits only under the terms of the plan at issue. The bulk of plaintiff's brief—and defendant's response—is dedicated to the issue of whether Illinois law should be used to interpret those terms. Although the assumption is never clearly stated, in the discussion of the "terms of the plan," plaintiff is referring to the addition of the typed term "irrevocable" on the beneficiary designation form as support for her claim that the "terms" in the "controlling documents" entitle her to $50,000. Plaintiff offers no support, and indeed none exists, for this unstated assumption. Section 1104(a)(1)(D) requires plan administrators to discharge their duties "in accordance with the documents and instruments governing the plan." Besides looking to the plan language, administrators may also rely on plan summaries distributed to employees to the extent that the summaries do not contradict provisions of the plan itself. *See, eg., Kolentus v. Avco Corp.,* 798 F.2d 949, 958 (7th Cir.1986) (where summary was merely outline of plan and stated that formal text of plan governed, court looked to plan in the event of a conflict), cert. denied, 479 U.S. 1032, 107 S.Ct. 878, 93 L.Ed.2d 832 (1987). A beneficiary designation form is not a plan document, and a typed term added to such a form is clearly not a term of the plan.

Without the term "irrevocable" as part of the contract itself, Rosemary's argument amounts to one that the court should use the beneficiary designation form as evidence that her husband intended to keep her as his permanent beneficiary and that Illinois law would support this finding.[3] There is no question that ERISA preempts this result. Claims for benefits under ERISA must be

---

**2.** As noted, beneficiaries may sue a plan administrator for breach of fiduciary duty under § 1132(2) but compensatory damages are unavailable as a remedy. *See* 29 U.S.C. § 1132(a)(3)(B) (authorizing only an injunction or other equitable relief).

**3.** For the purpose of this portion of the discussion, the court accepts the unlikely premise that Illinois law would lead to the finding that typing "irrevocable" on a beneficiary designation form qualifies as an unambiguous contract term.

resolved in accordance with the written terms of the plan. *See Metropolitan Life Insurance Co. v. Croom,* 1993 WL 181883 (N.D.Ill.) (properly executed designation form controlled over evidence that participant intended to file a form designating a new beneficiary). The Seventh Circuit has rejected attempts to circumvent the terms of the plan and look to outside evidence or documentation to determine the beneficiary according to state law. In *MacLean v. Ford Motor Co.,* 831 F.2d 723 (7th Cir.1987), the issue was whether ERISA preempted state law governing testamentary transfers. The decedent had named a beneficiary in his will who was different from the beneficiary named according to the terms of his life insurance plan. The decedent's testator sued to force the plan to distribute the proceeds of the policy according to the terms of the will instead of according to the terms of the plan. The Seventh Circuit affirmed the district court's holding that "clearly, a state law which would change the beneficiary designated by the terms of an employee benefit plan is a law relating to the plan and as such would be superseded by ERISA." The properly executed beneficiary designation form overrode conflicting outside documentation. *Id.* at 728. This result occurred despite the clear intent of the participant to name a new beneficiary, which is absent from this case even if state law were applied. The holding in *MacLean* indicates that when determining who is the proper beneficiary, state law that results in a different beneficiary than would be found under federal law is preempted. *Id.* According to policy GL–506002, employees could change previously designated beneficiaries by written request. There is no doubt that James did so in June 1988. Life insurance proceeds must be made to the beneficiary listed on properly executed designation forms. To hold otherwise would be to force policy administrators to delve beyond the properly executed designation forms to determine the proper beneficiary. "It would be counterproductive to compel the Policy administrator to look beyond those designations into varying state laws regarding wills, trusts and estates, or domestic relations to determine the proper beneficiaries of Policy distributions." *Krishna v. Colgate Palmolive Co.,* 7 F.3d 11, 16 (2nd Cir.1993) (providing a review of ERISA cases where courts rejected attempts to incorporate state law concepts into disputes over the proper beneficiary and held that the terms of the plan controlled).

As a final argument, plaintiff states that "the issue thus devolves to what effect, if any, the two decrees entered in the Riordan's domestic relations cases may have had on Rosemary's designation as James' irrevocable beneficiary." If plaintiff intends to assert that her ex-husband could not change her as his beneficiary because she was an irrevocable beneficiary under Illinois law, the court finally has an issue before it that is squarely dealt with in ERISA case law although it is curiously absent from the parties' briefs. An important exception to ERISA's preemption of state law governing the designation of beneficiaries exists in the arena of domestic relations. 29 U.S.C. § 1056(d)(3)(B). Under § 1056, this exception exists when a state court issues a qualified domestic relations order (QDRO) that "assigns to an alternate payee the right to ... receive all or a portion of the benefits payable with respect to a participant under a plan." § 1056(d)(3)(B)(i).[4] A QDRO overrides a participant's designated beneficiary if it meets specific statutory requirements, which include providing the participant's and beneficiary's mailing addresses, naming the specific plan to which the QDRO applies, and specifying the percentage distribution between multiple beneficiaries. 29 U.S.C. § 1056(C); *Metropolitan Life Insurance Co. v. Wheaton,* 42 F.3d 1080, 1083 (7th Cir.1994). A state divorce decree that does not meet the above qualifications is preempted by ERISA and therefore cannot alter a properly designated beneficiary. *Id.* Under ERISA's statutory scheme, "a plan administrator must investigate the marital history of a participant and determine whether any domestic relations orders exist that could affect the distributions of benefits." *Fox Valley &*

---

4. Although neither party mentions the QDRO exception to ERISA preemption, Rosemary's divorce decree actually contained a directive that a QDRO be executed as to James' pension benefits. Plaintiff admits that she has received these benefits since her ex-husband's death.

*Vicinity Construction Workers Pension Fund v. Brown,* 897 F.2d 275, 282 (Easterbrook, dissenting).

Plaintiff charges that when James executed the form designating her as the "irrevocable" beneficiary, he could change this designation only pursuant to a subsequent court order. This argument is an attempt to avoid the requirements of a QDRO. Neither the separation decree nor the divorce decree qualifies as a QDRO as to James' life insurance policy. Because no such order exists, plaintiff cannot claim that she is entitled to plan benefits as a result of the separation decree and the subsequent placement of the term "irrevocable" on the designation form. To allow an additional exception such as this would render void the strict requirements of the QDRO exception to ERISA preemption. *See National Automobile Dealers & Associates Retirement Trust v. Arbeitman,* 89 F.3d 496, 502 (8th Cir.1996) (failure to follow ERISA's specific waiver requirements was "merely an attempt to evade the clear statutory requirements" (citations omitted)). Without a QDRO directing him to do so, James had no obligation to keep plaintiff as the beneficiary of his life insurance policy. His subsequent change in beneficiary, to his second wife Irene, was executed according to the terms of the plan and is therefore valid.

## IV. CONCLUSION

For the foregoing reasons, the court finds that plaintiff has failed to establish that she was the proper beneficiary of her ex-husband's life insurance policy and entitled to $50,000 under the terms of the plan.

ORDERED: Defendants' motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.