**Henrietta THAYER, Plaintiff,**

v.

**GROUP HOSPITALIZATION AND MEDICAL SERVICES, INC.,**
Defendant.

**Civ. A. No. 87–2608.**

United States District Court,
District of Columbia.

Dec. 9, 1987.

Weldon M. Blake, Washington, D.C., for plaintiff.

Charles J. Steele, Leslie M. Shaw, Pierson, Ball & Dowd, Washington, D.C., for defendant.

## MEMORANDUM OPINION

JOYCE HENS GREEN, District Judge.

In this complaint, originally filed in Superior Court and removed to this Court by defendant on September 22, 1987, plaintiff alleges that defendant, her insurer, breached its contract with her by refusing to make further payments for her medical care at a Christian Science facility and that, in so doing, defendant discriminated against her on the basis of religion. This matter now comes before the Court on defendant's motion to dismiss on the grounds of federal preemption and failure to state a claim. For the reasons set forth below, defendant's motion is granted.

### I. ERISA

Plaintiff is a subscriber to a health care coverage plan issued to Howard University by defendant Group Hospitalization and Medical Service, Inc. ("GHMSI" also trading as "Blue Cross and Blue Shield of the National Capital Area"), which processes claims submitted under the plan. Plaintiff admits this is an "employee welfare benefit plan" as defined by section 3 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). Citing the recent Supreme Court decision in *Pilot Life Ins. Co. v. Dedeaux*, — U.S. —, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), defendant argues that plaintiff's state law claims for breach of contract are preempted by ERISA. The Court agrees.

*Pilot Life* expansively interpreted ERISA's preemption provisions and held that state law suits asserting improper processing of claims for benefits under an ERISA-regulated plan are preempted by

the federal statute.[1] While *Pilot Life* has only begun to be applied by the lower courts,[2] its application to this case is clear.

In *Pilot Life*, plaintiff sought permanent disability benefits after a work-related accident from Pilot Life Insurance Company ("Pilot Life"), which "bore the responsibility for determining who would receive disability benefits" under the long-term disability employee benefit plan established between Pilot Life and plaintiff's employer. 107 S.Ct. at 1551. The insurance company provided benefits to plaintiff for two years, then terminated and reinstated them several times over the next three years. *Id.* Plaintiff brought a diversity action in federal court alleging "tortious breach of contract," "breach of fiduciary duties," and "fraud in the inducement," but did not mention ERISA. The District Court granted the insurance company's motion for summary judgment on the basis that ERISA preempted plaintiff's common law claim for failure to pay benefits. The Court of Appeals reversed. The Supreme Court granted certiorari and unanimously affirmed the District Court.

Looking at both the plain language of the preemption provision of ERISA and at congressional intent, the Court concluded:

> the detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

. . . .

[A]ll suits brought by beneficiaries or participants asserting improper processing of claims under ERISA-regulated plans [should] be treated as federal questions governed by § 502(a).

107 S.Ct. at 1556–57. In reaching this conclusion, the Court considered the scope of the ERISA "savings" clause, 29 U.S.C. § 1144(b)(2)(A), which provides that state laws "which regulate insurance" are not preempted by ERISA. Using both "common sense" and case law interpreting the phrase "business of insurance," the Court reasoned that only state laws that are "specifically directed toward [the insurance] industry" are saved from preemption, *id.* at 1554, rejecting completely the reasoning applied in the lower court cases relied on by plaintiff in the instant case. *See* Plaintiff's Opposition, at 2 (citing *Lederman v. Pacific Mutual Life Insurance Co.*, 494 F.Supp. 1020 (C.D.Ca.1980); *Austin v. General American Life Ins. Co.*, 498 F.Supp. 844, 845 (N.D.Ala.1980); *Cate v. Blue Cross and Blue Shield*, 434 F.Supp. 1187 (E.D.Tenn.1977)).

Plaintiff attempts to distinguish *Pilot Life* by suggesting that the insurance company in that case had a fiduciary duty to the plaintiff, whereas in this case the only relationship defendant has to plaintiff is "via the contract." Plaintiff's Opposition, at 2. Such a distinction is neither apparent nor persuasive. The undisputed facts indicate that defendant GHMSI, like Pilot Life, was the decisionmaker as to whether the plaintiff would continue to receive benefits under the plan governed by ERISA and thus constitutes an "ERISA fiduciary." *McLaughlin v. Connecticut Gen. Life Ins. Co.*, 565 F.Supp. 434, 441 (N.D.Cal.1985). There is no basis for reading *Pilot Life* as narrowly as plaintiff suggests.

---

**1.** In the companion case, *Metropolitan Life Insurance Co. v. Taylor*, —— U.S. ——, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), the Court held that common law causes of action filed in state court preempted by ERISA under *Pilot Life* are removable to federal court.

**2.** *See, e.g., Adams v. Catalyst Research Division of Mine Safety Appliances Co., Inc.*, 659 F.Supp.

163, 165 (D.Md.1987) (state law claims for wrongful discharge and quasi-contract preempted under *Pilot Life*); *Smith v. Electronic Data Systems Corp.*, 657 F.Supp. 1242, 1243 (D.Vt. 1987) (plaintiff's state law claims of breach of contract and outrageous conduct found preempted under *Pilot Life*).

To the contrary, *Pilot Life* extensively analyzed the remedies available to ERISA plaintiffs and concluded that ERISA's enforcement scheme was "crafted with ... evident care," 107 S.Ct. at 1557, and that "varying state causes of action for claims within the scope of § 502(a) would pose an obstacle to the purposes and objectives of Congress." *Id.* at 1555. While *Pilot Life* may well have significant long-term effects on the docket of the federal courts,[3] this Court must follow the judgment of the Supreme Court and the mandate of Congress in determining the boundaries of federal jurisdiction. *Pilot Life* sweeps broadly, but unequivocally. Plaintiff's state law claims must be dismissed. Plaintiff's remaining claim is for religious discrimination, which defendant has also moved to dismiss.

## II. Religious Discrimination

■ In her complaint, plaintiff states that her "freedom to practice the belief of her choice has been interfered with, [she] has been discriminated against because of her religious beliefs, [and she] has had to consider adjusting to a non Christian Science hospital environment" as a result of defendant's failure to continue payments. Complaint, para. 9. Defendant argues that plaintiff has not stated a valid cause of action under the first amendment because no state action has been alleged. In her opposition, plaintiff does not respond to defendant's argument except to state, without explanation, that "[t]he Civil Rights Act of 1964 and District of Columbia law forbid religious discrimination." Plaintiff's Opposition, at 2. This response is wholly insufficient to withstand a motion to dismiss.

Even accepting as true plaintiff's allegations that defendant stopped payment because of the religious affiliation of the treatment facility, *Gardner v. Toilet Goods Ass'n*, 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed. 2d 704 (1967), *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80

(1957), plaintiff has not shown that she can state a claim under the Civil Rights Act of 1964. While the Court must consider the request for relief if the plaintiff "can succeed on *any* theory whether advanced in the complaint or not," *Adams v. Bell*, 711 F.2d 161, 187 & n. 89 (D.C.Cir.1983), *cert. denied*, 465 U.S. 1021, 104 S.Ct. 1272, 79 L.Ed.2d 678 (1984) (emphasis in original) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1357, at 601–602 (1969)), an examination of the potential theories under the Civil Rights Act of 1964 yields no possible basis for plaintiff's claim. The Civil Rights Act of 1964 comprises 42 U.S.C. sections 1971 (voting rights), 1975–1975e (Commission on Civil Rights), and 2000a et seq. (public accommodations), 2000b et seq. (public facilities), 2000c et seq. (public education), 2000d et seq. (federally assisted programs), 2000e et seq. (equal employment opportunities), 2000f (registration and voting statistics), 2000g (community relations service), and 2000h et seq. (miscellaneous provisions). None of these statutory provisions appears to provide even an arguable legal basis for plaintiff's claims of religious discrimination by a private insurance company for failure to continue payments. Because there appears to a certainty that plaintiff cannot state a claim under the Civil Rights Act of 1964, opportunity to amend is unwarranted. *Adams*, 711 F.2d at 187.

While there may be some basis under District of Columbia law for a claim of religious discrimination, plaintiff has not indicated what that basis would be. Plaintiff has had sufficient opportunity to clarify the legal basis for her complaint, but has failed to do so. Even were plaintiff to have alleged such a state law claim, based on the facts in the complaint, this Court would not likely have jurisdiction over this sole remaining state law count. Plaintiff's claims for religious discrimination under state law must, therefore, also be dismissed.

---

3. *See Eversole v. Metropolitan Life Ins. Co., Inc.,* 500 F.Supp. 1162, 1164 (C.D.Cal.1980) ("In light of the widespread usage of group insurance policies by employers, the question of ERISA preemption carries far-reaching implications for the substantive rights of countless policy holders, the duties of the insurers under those policies, and the caseload of the federal courts").

### III.  Conclusion

In consideration of the motion, and plaintiff's opposition thereto, it is accordingly hereby

ORDERED that defendant's motion to dismiss be and it hereby is granted.

IT IS SO ORDERED.