Beth E. TESCH, Plaintiff,

v.

**GENERAL MOTORS CORPORATION, Defendant.**

No. 87–C–1036.

United States District Court,
E.D. Wisconsin.

May 17, 1988.

Gimbel, Reilly, Guerin & Brown by Jeffrey A. Kaufman, Milwaukee, Wis., for plaintiff.

Foley & Lardner by George Cunninghan and Lawrence T. Lynch, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, Beth Tesch, commenced the instant action in the circuit court for Milwaukee county alleging negligence on the part of A.C. Spark Plug, a division of the General Motors Corporation [GM]. According to Ms. Tesch, A.C. Spark Plug negligently failed to process a change of beneficiary form filed by one of its employees, Kenneth C. Brandt; Ms. Tesch claims that Mr. Brandt attempted to effect a change of beneficiary in her favor. Kenneth Brandt died sometime in the fall of 1986 (the parties' pleadings provide conflicting dates), and Ms. Tesch alleges that but for the defendant's negligence, she would have received an additional $180,000 out of Mr. Brandt's life insurance proceeds.

The defendant removed the case to this court in September 1987. As grounds for removal, the defendant alleged the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332; Ms. Tesch is a citizen of Wisconsin and GM is deemed a citizen of Michigan and Delaware by virtue of the location of its principal place of business and its place of incorporation, respectively. In addition, GM alleged that despite the purely state law negligence claim that is set forth in Ms. Tesch's complaint, she actually raised a question of federal law: 29 U.S.C. § 1001, *et seq.*, the Employee Retirement Income Security Act of 1974 [ERISA]. *See also Metropolitan Life Insurance Co. v. Taylor,* —— U.S. ——, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (common law causes of action filed in state court that are preemptable under ERISA are removable to federal court).

GM now moves for summary judgment on three grounds: ERISA preemption, failure to join an indispensable party, and the absence of a genuine dispute of material fact. I conclude that ERISA indeed does preempt this negligence action. I therefore will grant the defendant's motion, treating it as one for partial summary judgment, without addressing its two final summary judgment arguments. I will also grant the plaintiff leave to amend her com-

plaint to spell out her ERISA cause of action with more particularity. Upon the filing of an amended complaint, the defendant will be free to renew the remaining aspects of its present motion for summary judgment; such motion could also be supplemented with relevant ERISA defenses, if any.

### ANALYSIS

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "The court should indulge all reasonable inferences in favor of the person opposing the motion for summary judgment." *Robbins v. Lynch,* 836 F.2d 330, 333 (7th Cir.1988). However, a court may accept as true those facts in a movant's affidavit which are uncontroverted. *Wang v. Lake Maxinhall Estates, Inc.,* 531 F.2d 832, 833 (7th Cir. 1976).

Some of the facts relevant to the pending summary judgment motion are uncontroverted by the plaintiff. It is not disputed, for instance, that GM offered its salaried employees two separate life insurance policies: a basic policy and an optional policy. These policies are underwritten by Metropolitan Life Insurance Company. They are administered under GM's employee benefit plan which is subject to the provisions of ERISA. Nor is it disputed that Kenneth Brandt was a participant in this plan; he owned, among other things, both the basic and optional life insurance policies. Ms. Tesch is a beneficiary under Mr. Brandt's basic policy. Thus, citing *Pilot Life Ins. Co. v. Dedeaux,* —— U.S. ——, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the defendant cogently argues that the plaintiff's state law claim sounding in negligence for the improper change of beneficiary processing is preempted by ERISA.

*Pilot Life* broadly construed ERISA's preemption provisions to require that state law suits asserting the improper processing of claims for benefits under an ERISA-covered plan is preempted by federal statute.

*See* 29 U.S.C. §§ 1144(a)–(c). In its ruling, the Court interpreted the plain language of § 1144 and legislative history and concluded that

> the detailed provisions of § 502(a) [ERISA's civil enforcement section] set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA–plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA
>
> . . . .
>
> [A]ll suits brought by beneficiaries or participants asserting improper processing of claims under ERISA–regulated plans [should] be treated as federal questions governed by § 502(a).

*Pilot Life, supra,* 107 S.Ct. at 1556–57.

To arrive at its ultimate conclusion, the Court considered and summarized the interrelationship of the three preemption clauses that appear in § 1144:

> If a state law "relate[s] to ... employee benefit plan[s]." it is pre-empted. [29 U.S.C. § 1144(a) ]. The saving clause excepts from the pre-emption clause law that "regulat[e] insurance." [29 U.S.C. § 1144(b)(2)(A) ]. The deemer clause makes clear that a state law that "purport[s] to regulate insurance" cannot deem an employee benefit plan to be an insurance company. [29 U.S.C. § 1144(b)(2)(B) ].

*Pilot Life,* 107 S.Ct. at 1552.

Neither party alleges that common law negligence constitutes a state law that regulates insurance. Thus, neither the "saving clause" nor the "deemer clause" applies in this case. I must, therefore, focus my examination on whether the Wisconsin negligence law at issue in this matter "relates to" an employee benefit plan.

Ms. Tesch attempts to distinguish *Pilot Life* and discourage a finding that her

claim relates to an employee benefit plan by suggesting that "no contractual relationship is ever alleged to have existed between the plaintiff and the defendant." Brief in Opposition to Motion for Summary Judgment at 2. Such a distinction is not dispositive.

A state law action " 'relates to' an employee benefit plan if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). 29 U.S.C. § 1132(a)(1)(B) provides that "[a] civil action may be brought by a participant *or beneficiary* to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...." (emphasis added). *See also Pilot Life, supra,* 107 S.Ct. at 1555 (ERISA is to be the "exclusive vehicle for actions by ERISA–plan participants *and beneficiaries* asserting improper processing of a claim for benefits...." (emphasis added). "The term 'beneficiary' means a person designated by a participant ... who is or may become entitled to receive a benefit [under an ERISA plan]." 29 U.S.C. § 1002(8).

Ms. Tesch is a beneficiary of at least one of Kenneth Brandt's life insurance policies' proceeds. She is, therefore, a "beneficiary" of Kenneth Brandt's employee benefit plan. What she essentially seeks to establish by her lawsuit is that she is a beneficiary of yet another of Mr. Brandt's ERISA–covered life insurance policies. That she has no contractual relationship with GM is an arguable position, but it is an irrelevant point. She is an employee benefit plan beneficiary, and her claim is "connected" to the plan. Ms. Tesch is, therefore, required to pursue her claim under ERISA's civil enforcement provision.

Construing *Pilot Life* as narrowly as the plaintiff suggests is unwarranted and inconsistent with the language of both the opinion and the underlying statute. To the contrary, *"Pilot Life* sweeps broadly, but unequivocably [sic]. Plaintiff's state law claims must be dismissed." *Thayer v. Group Hospitalization & Medical Servic-* es, *Inc.,* 674 F.Supp. 924, 926 (D.D.C.1987). *See also MacLean v. Ford Motor Co.,* 831 F.2d 723, 727 (7th Cir.1987) (ERISA's preemption provisions have "far-reaching scope" and require dismissal of state law claims unless the latter have "no prospect of conflict with a federal statute....").

## CONCLUSION

Thus, I am persuaded that Ms. Tesch's complaint is preempted by federal law. Accordingly, I will dismiss her complaint, but I decline to dismiss this action outright at this time. To the extent that the plaintiff's complaint states a claim for relief under ERISA, that aspect of her case remains viable; the plaintiff will be granted leave to amend her complaint to state her ERISA claims with more particularity.

Therefore, IT IS ORDERED that the defendant's motion for summary judgment, treated as a motion for partial summary judgment, be and hereby is granted, subject to the plaintiff's right to amend her complaint.

IT IS ALSO ORDERED that the plaintiff's negligence claim be and hereby is dismissed.

IT IS FURTHER ORDERED that the plaintiff be and hereby is granted leave to serve and file an amended complaint within twenty (20) days from the date of this order.

IT IS FURTHER ORDERED that the jury trial presently scheduled to commence on Tuesday, May 31, 1988, be and hereby is removed from the court's trial calendar.