The GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA,
Plaintiff–Interpleader,

v.

Judith A. MADOLE, Defendant,

v.

Anne K. Kinskey, Defendant.

Civil Action No. 97–3081 DAR.

United States District Court,
District of Columbia.

March 29, 1999.

Robert Bruce Wallace, Wilson, Elser, Moskowitz, Edelman & Dicker, Washington, DC, for plaintiff.

Tracy Jeanne Power, Power & Power, Arlington, VA, John Edward Scheuermann, Scheuerman & Terbune, Washington, DC, for defendant.

### MEMORANDUM OPINION AND ORDER

DEBORAH ANN ROBINSON, United States Magistrate Judge.

Pending for determination by the undersigned United States Magistrate Judge is

Defendant Anne K. Kinskey's Motion for Summary Judgment (Docket No. 20). Plaintiff, a mutual life insurance company, issued a policy of life insurance payable to the executors, administrators and assigns of its insured, Donald W. Madole. Defendant Anne K. Kinskey is the daughter of Donald Madole. Defendant Judith Madole is the widow of Donald Madole. Each defendant claims that she is the sole beneficiary of Donald Madole's policy. Plaintiff commenced this action pursuant to the Federal Interpleader Act, 28 U.S.C. §§ 1335, 1397, for a determination of defendants' conflicting claims.

On January 1, 1990, plaintiff issued a life insurance policy purchased by the law firm of Speiser, Krause & Madole, P.C. Complaint, ¶ 8. Donald Madole married defendant Judith Madole in August, 1990. *See* Complaint, Exhibit E. On October 9, 1996, Donald Madole died. Complaint, ¶ 9. According to plaintiff's files, the designated beneficiary on the policy at the time of Donald Madole's death was his daughter, defendant Kinskey. Complaint, ¶ 10. No beneficiary change form was on file with plaintiff. *Id.* On or about November 15, 1996, plaintiff received a claimant's certificate from defendant Judith Madole, Donald Madole's widow and the executrix of his estate. Complaint, ¶ 9. On or about January 7, 1997, plaintiff received a claimant's certificate from defendant Kinskey. Complaint, ¶ 11.

On February 10, 1997, plaintiff received from defendant Judith Madole's counsel copies of two letters. Complaint, ¶ 12. The first letter, "proportedly submitted" to plaintiff on July 31, 1990, was from Cathy Sweetman, the insurance coordinator for the firm of Speiser, Krause & Madole, P.C. The writer states that Donald Madole "does wish to add his new wife to his insurance coverage" effective September 1, 1990, and that "[e]nclosed you will find a beneficiary change form[.]" *Id.* Plaintiff maintains that no beneficiary change form was attached. *Id.* The second letter, "proportedly sent" to plaintiff on August 6,

1990 by Donald Madole requests that Judith Madole be added to his insurance coverage. Complaint, ¶ 13. Plaintiff has been unable to locate or confirm receipt of either letter, or of any beneficiary change form. Complaint, ¶ 14.

On or about October 16, 1997, Cathy Sweetman, whose name appears as the author of the July 31, 1990 letter, sent a letter to plaintiff in which she stated that she had "no independent recollection of writing the [July 31, 1990] letter or any conversation with Donald Madole concerning the contents of the letter. Also, I have no recollection of mailing the letter." Complaint, Exhibit 1. Ms. Sweetman stated that she had "no other documents concerning this matter in [her] files." *Id.*

In her answer to the Complaint, defendant Kinskey maintains that the documents upon which defendant Madole relies "do not alter or impact upon the unambiguous identification of Mrs. Kinskey as the sole beneficiary of the Life Insurance Policy in question, nor do the documents comply with the written terms of the Guardian policy for affecting a change in the named beneficiary under the Life Insurance portion of the Guardian policy." *See* Defendant Kinskey's Answer at 1.

In her answer to the Complaint, defendant Madole "denies any inference that the reference to the beneficiary change form is not effective and valid as to a change in designated beneficiary to that of defendant Madole." Defendant, Judith Madole's, Answer and Claim Under Federal Interpleader Act, ¶ 19.

Defendant Kinskey seeks summary judgment in her favor in accordance with Rule 56 of the Federal Rules of Civil Procedure. In the memorandum in support of her motion, defendant Kinskey maintains that her name appears as the designated beneficiary of Donald Madole's life insurance policy, and that there is no evidence that any change of beneficiary form exists. *See* Memorandum of Points and Authorities in Support of Defendant Kinskey's

Motion for Summary Judgment ("Kinskey's Memorandum") at 2–5. Defendant Kinskey maintains that the dispute at issue in this action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Defendant Kinskey submits that "in order to determine the proper beneficiary in this case, the Court must look solely to the written terms of the Guardian plan[,]" Kinskey's Memorandum at 7, and that there is no evidence that Donald Madole affected a change in the named beneficiary in the manner prescribed by the Guardian plan. *Id.* at 8. Finally, defendant Kinskey maintains that even if the Court finds that the issues presented are not governed by ERISA, "the result is the same under the law of this jurisdiction." Kinskey's Memorandum at 10. In support of her motion, defendant Kinskey includes a Statement of Material Facts Not in Dispute supported by references to the record. The statements include

13. It is undisputed that at the time of enrollment, Mr. Madole named Mrs. Kinskey as the beneficiary on his enrollment form. *See* Exhibit 2, p. 2.

14. In Mrs. Kinskey's Request for Admissions, she asked Ms. Madole to admit the following:

4. Defendant Madole does not have in her possession any document written by the Guardian or at its direction which notifies Mr. Donald W. Madole of a change in the named beneficiary of the Guardian Life Insurance Policy which is the subject of his litigation.

In response, Ms. Madole admitted that she does not[.]

Statement of Material Facts Not in Dispute in Support of Defendant Kinskey's Motion for Summary Judgment at 5, ¶¶ 13–14.

Defendant Madole, in her opposition to defendant Kinskey's motion for summary judgment, submits that ERISA does not apply, and that substantive common law

must be applied to determine the proper beneficiary. *See* Memorandum of Points and Authorities in Opposition to Defendant Kinskey's Motion for Summary Judgment ("Madole's Opposition") at 7. Defendant Madole maintains that "the insured undertook affirmative acts designed to comply with the requirement as to change of beneficiary[,]" and that "[his] intentions should be given effect." *Id.* at 10. Without direct citation to the record, defendant Madole identifies but one issue she contends must necessarily be litigated:

1. There is a genuine dispute ... as to whether Mr. Madole satisfied the requirements to effectuate a change in beneficiary under the laws of the District of Columbia, to be determined on the basis of further discovery and/or the testimony of Ms. Sweetman, Ms. Madole, Ms. Kinskey, Mr. Lear and Mr. Konikow.

Defendant, Judith Madole's Statement of Material Facts as to Which There Exists a Genuine Issue to be Litigated at 1, ¶ 1.[1]

Defendant Kinskey, in her reply, argues that "defendant Madole has failed to demonstrate the existence of any disputed facts relative to the law of ERISA[.]" Defendant Kinskey's Reply Brief in Support of Summary Judgment ("Kinskey's Reply") at 5. Additionally, she maintains that defendant Madole has had "more than adequate time" to conduct discovery, and that "[n]o purpose would be served in extending discovery, as there is no other place to look to discover documents relative to this case." *Id.* at 8.

## DISCUSSION

### A. Standard of Review of Motion for Summary Judgment

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted in favor of a moving party if the record indicates that no genuine issue of material fact exists and the moving party

---

1. On the basis of this contention, defendant Madole moved the Court to set this matter for trial. *See* Defendant, Judith Madole's Motion to Set a Trial (Docket No. 25).

is entitled to judgment as a matter of law. FED.CIV.P. 56(c). Material facts are those which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To avoid summary judgment, the non-moving party must demonstrate that a genuine dispute exists, and provide evidence sufficient for a jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. 2505; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the Court must view all of the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, the non-moving party's opposition must consist of more than unsupported allegations. Rather, the opposition, must be supported by affidavits or other competent evidence setting forth specific facts showing there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. 2548, The non-moving party may not rely upon the mere allegations or denials in its pleadings as support for its position; instead, the party opposing summary judgment must establish specific facts through affidavits based upon personal knowledge. *See* FED.R.CIV.P. 56(e).

Affidavits submitted with an opposition to a motion for summary judgment must satisfy the requirements of Rule 56 of the Federal Rules of Civil Procedure, which provides, in pertinent part, that

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED.R.CIV.P. 56(e).

Additionally, Local Rule 108(h) mandates that each motion for summary judgment be accompanied by a statement of material facts as to which there is no genuine issue. This statement must be supported by references to the record. The same rule requires that an opposition to a motion for summary judgment be accompanied by a

> separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement.

Local Rule 108(h). Furthermore,

> [i]n determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

Local Rule 108(h).

## B. Findings

First, the undersigned finds that ERISA governs the issues presented in this action. ERISA regulates employee welfare benefit plans which provide life insurance policies. 29 U.S.C. § 1002(1)(A). Except as provided with respect to circumstances not applicable here, ERISA "shall apply to any employee benefit plan if it is established or maintained—(1) by any employer engaged in commerce or in any industry or activity affecting commerce[.]" 29 U.S.C. § 1003(a). ERISA "is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). In enacting ERISA, "Congress intended to provide uniform federal regulation of employee retirement benefit plans and to make regula-

tion of benefits an entirely federal concern." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45–46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). ERISA's preemption provision "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" not otherwise exempt. 29 U.S.C. § 1144(a). To further that end, Congress made ERISA's preemption provision broad in scope. *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985); *see Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 138, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) (Congress was "deliberatively expansive" in enacting ERISA's preemption provision).

■ The Supreme Court has stated that a law "relate[s] to" a covered employee benefit plan for purposes of 29 U.S.C. § 1144(a) " 'if it has a connection with or reference to such a plan.' " *District of Columbia v. Greater Washington Bd. of Trade,* 506 U.S. 125, 129, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992) (citations omitted); *see Ingersoll–Rand Co. v. McClendon,* 498 U.S. at 139, 111 S.Ct. 478; *FMC Corp. v. Holliday,* 498 U.S. 52, 58, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990); *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 829, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. at 48, 107 S.Ct. 1549; *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. at 739, 105 S.Ct. 2380. However, the preemption provision is not limited to state laws "specifically designed to affect employee benefit plans[,]" but also applies to "common law causes of action ... based on alleged improper processing of a claim for benefits under an employee benefit plan[.]" *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. at

47–48, 107 S.Ct. 1549; *see Thayer v. Group Hospitalization and Medical Services, Inc.,* 674 F.Supp. 924, 925–26 (D.D.C.1987).

A civil action may be brought "by a participant, beneficiary or fiduciary ... to obtain other appropriate equitable relief ... to enforce ... the terms of the plan[.]" 29 U.S.C. § 1132(3)(B). *See Libbey–Owens–Ford Co. v. Blue Cross and Blue Shield Mut. of Ohio,* 982 F.2d 1031, 1035 (6th Cir.1993) ("[w]hen an insurance company administers claims for an employee welfare benefit plan and has authority to grant or deny the claims, the company is an ERISA 'fiduciary' under 29 U.S.C. § 1002(21)(A)(iii)"); *cf. Thayer v. Group Hospitalization and Medical Services Inc.,* 674 F.Supp. at 925 (insurance company was the decisionmaker as to whether party would continue to receive benefits under the plan governed by ERISA, and was thus an ERISA "fiduciary").

■ The undersigned finds that the life insurance policy of Donald Madole "relates to" an employee benefit plan, as it was issued by his employer pursuant to an ERISA health benefit plan. *See Metropolitan Life Ins. Co. v. Marsh,* 119 F.3d 415, 419 (6th Cir.1997); *Brandon v. Travelers Ins. Co.,* 18 F.3d 1321, 1325 (5th Cir.1994) (designation of a beneficiary "relates to" the provision of an ERISA plan to a sufficient degree to be preempted by the statute); *Local 639 Employer's Pension Trust v. Johnson,* 1992 U.S.Dist. Lexis 11248, *1 (D.D.C.1992). The undersigned further finds that because the issue presented here concerns the designation of a beneficiary of a life insurance policy covered by ERISA, state law is preempted.[2] Indeed, courts have consistently held that

---

**2.** Indeed, defendant Madole observes that "[t]he life insurance policy was part of a health insurance plan provided by the employer of the deceased." Madole's Opposition at 2. Defendant Madole argues that the life insurance policy is not part of the plan itself, and that ERISA therefore does not apply. *See* Madole's Opposition at 7. Defendant

Madole relies upon *Lederman v. Pacific Mutual Life Insurance Company,* 494 F.Supp. 1020 (1980), and *Cate v. Blue Cross & Blue Shield of Alabama,* 434 F.Supp. 1187 (E.D.Tenn. 1977), decisions in which lower courts held that ERISA does not govern all claims arising under employment benefit plans. However, these cases were decided prior to *Pilot Life,* in

[t]he designation of beneficiaries plainly relates to these ERISA plans, and we see no reason to apply state law on this issue.

*McMillan v. Parrott,* 913 F.2d 310, 311 (6th Cir.1990); *see also Krishna v. Colgate Palmolive Co.,* 7 F.3d 11, 14–16 (2nd Cir. 1993) (court "not persuaded that New York law should be applied" to determine beneficiary of ERISA life insurance policy where plan "includes a clear provision calling for the filing of written designations to name or change a beneficiary"); *Metropolitan Life Ins. Co. v. Hanslip,* 939 F.2d 904, 906 (10th Cir.1991) ("[b]ecause the designation of beneficiaries to this life insurance policy 'relates to' the ERISA plan, the preemption provision applies.").

▮▮▮▮ Here, there is no dispute that the terms of the Guardian plan specify the procedures an employee must follow to change the beneficiary of the Life Insurance portion of the policy:

> **The Beneficiary:** The employee decides who gets this insurance if he dies. He should have named his beneficiary on his enrollment form. The employee can change his beneficiary at any time by giving us written notice, unless he's assigned this insurance. **But, the change won't take effect until we tell him we've received the notice.**

Kinskey's Memorandum, Exhibit 8 (emphasis supplied). Additionally, it is undisputed that Donald Madole designated defendant Kinskey as the beneficiary on his enrollment form. Finally, it is undisputed that Donald Madole was never notified of a change in the named beneficiary of the life insurance policy. *See* Kinskey Memorandum, Exhibits 14, 15. Applying the provisions of the plan for effecting a change of the beneficiary of a life insurance policy, there is no dispute that defendant Kinskey is the beneficiary. Such result is consistent with the intent that "ERISA plans ... be administered according to their controlling documents." *McMillan v. Parrott,* 913 F.2d at 312. Moreover,

> [i]f the designation on file controls, administrators and courts need look no further than the plan documents to determine the plan beneficiary, thus avoiding expensive litigation as has occurred in the case before us.

*Id.*[3]

## CONCLUSION

Upon consideration of Defendant Anne K. Kinskey's Motion for Summary Judgment, the memoranda in support thereof and in opposition thereto, and the entire record herein, it is, this 29th day of March, 1999,

**ORDERED,** on the basis of the findings set forth herein, that Defendant Anne K. Kinskey's Motion for Summary Judgment (Docket No. 20) is **GRANTED,** and that defendant Madole's claim is dismissed with prejudice; and it is

**FURTHER ORDERED,** that Defendant, Judith Madole's Motion to Set a Trial (Docket No. 25) is **DENIED.**

---

which the Supreme Court held that except in limited circumstances not applicable here, ERISA preempts both state law and common law causes of action. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. at 47–48, 107 S.Ct. 1549.

**3.** Even in the absence of a finding that ERISA governs the issues presented by this action, the outcome would be the same. The common law of this jurisdiction requires that "any change in the formally designated beneficiaries ... be evidenced by *some unmistakable proof that the decedent did actually make the change."* *Cohn v. Cohn,* 171 F.2d 828, 830 (D.C.1948) (emphasis supplied); *see Bolle v. Hume,* 619 A.2d 1192, 1198 (D.C.1993). Here, the undersigned finds that there is no proof that the decedent "did actually" made the change. The only inference reasonably drawn from the evidence presented here is that Donald Madole requested dependent coverage for defendant Madole on his health insurance policy.