**FORD MOTOR COMPANY, Plaintiff,**

v.

**Janice K. ROSS, et al, Defendant.**

**No. 99–76277.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 11, 2001.

J. Gordon Christy, Office of the General Counsel, Dearborn, MI, for Ford Motor Co.

John F. Schaefer, Mark A. Bank, Birmingham, MI, for Carolyn Ross.

Christopher E. Le Vasseur, Joseph A. Ahern, Daniel E. Chapman, Jeffrey J. Fleury, Stark, Reagan, Troy, MI, for Janice K. Ross.

Alexander B. Bragdon, Keefe A. Brooks, Butzel Long, Detroit, MI, for Louis R. Ross, Philip Ross.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT JANICE K. ROSS' MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT ESTATE OF LOUIS R. ROSS' MOTION TO AMEND CROSS–CLAIMS; AND DENYING DEFENDANT JANICE K. ROSS' MOTION FOR RULE 11 SANCTIONS**

EDMUNDS, District Judge.

This is an interpleader action brought by Ford Motor Company, as administrator of its Savings and Stock Investment Plan for Salaried Employees (the "ERISA Plan"), to determine the rights of those parties claiming they are entitled to Plan assets of Louis R. Ross, deceased. At issue are ERISA Plan benefits provided to surviving spouses pursuant to 29 U.S.C. § 1055. Claimants include Defendants Janice Ross (the "surviving spouse") and Defendants Stephen and Philip Ross (decedent's adult children) as Co–Personal Representatives of the Estate of Louis R. Ross (the "Estate"). Janice Ross claims that she is entitled to the Plan benefits because she is Louis Ross' surviving spouse and has not executed a "spousal waiver" of those benefits satisfying ERISA's statutory requirements. *See* 29 U.S.C. §§ 1055(b)(1)(C) and 1055(c)(2) (requiring the participant's spouse to consent in writing to the election waiving the surviving spouse benefits, to the election designating a specific beneficiary other than the surviving spouse, and acknowledging the effect of the election and requiring the consent to be witnessed by a plan representative or a notary public). The Estate argues that it is entitled to the Plan benefits because, prior to their marriage, Janice Ross entered into a Premarital Agreement with Louis Ross that precludes her from obtaining and/or retaining the challenged Plan benefits.

In a September 9, 2000 Opinion and Order, this Court granted the surviving spouse's motion for summary judgment as to Counts I (declaratory relief), II (specific

performance) and III (breach of contract) of the Estate's cross complaint. It concluded that Janice Ross is entitled to the challenged ERISA Plan benefits because she is the surviving spouse of Louis Ross and, subsequent to their marriage, had not provided written consent to the designation of another Plan beneficiary in accordance with ERISA's spousal waiver provisions. *See* 29 U.S.C. § 1055(c). This Court further concluded that Defendant Estate's state law claims for specific performance and breach of contract were preempted by ERISA. It concluded that the state-law claims, if not preempted, would circumvent ERISA's spousal waiver requirements and thus render those provisions meaningless, would conflict with and frustrate ERISA's objectives, and would preclude the uniform implementation of this federal statutory scheme. *See Boggs v. Boggs*, 520 U.S. 833, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997). *See also Borisch v. Treat All Metals, Inc.*, 21 F.Supp.2d 890, 896 (E.D.Wis.1998) (holding that state law contract claims were preempted by ERISA).[1]

The Court's September 8, 2000 Opinion and Order did not address Counts IV (common law fraud), V (unjust enrichment) and VI (judicial estoppel) of the Estate's cross complaint because they were not analyzed in Janice Ross' motion for summary judgment. Janice Ross is now before the Court seeking summary judgment as to these remaining claims. She argues that the case law and reasoning applied in the Court's September 8, 2000 decision requires a similar result here.

In its response and in its motion to amend its complaint (seeking to add to the prayer for relief a request for the imposition of a constructive trust on the surviv-

ing spouse benefits after they have been paid to Janice Ross), Defendant Estate changes the focus of its ERISA preemption argument. Its preemption argument moves away from direct payments to other than Louis Ross' surviving spouse and focuses on state law claims that seek to obtain the challenged ERISA benefits indirectly; i.e., after they have been paid to the surviving spouse. The Estate relies on a recent Sixth Circuit decision as authority for its position that its remaining state law claims survive a preemption challenge and thus allow this Court to impose a constructive trust on disbursed ERISA Pension Plan benefits. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672 (6th Cir.2000).

The Estate is mistaken. Existing precedent does not allow it to accomplish indirectly what this Court has concluded it cannot do directly. Accordingly, Janice Ross' motion for summary judgment is GRANTED, the Estate's motion to amend is DENIED, and the case is DISMISSED.

## I. Analysis

### A. ERISA Preemption of the Estate's Remaining State Law Claims

The United States Supreme Court rejected arguments similar to the Estate's in *Boggs v. Boggs*, 520 U.S. 833, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997). There, the respondents argued that their state law claims were consistent with ERISA's provisions providing benefits to a participant's surviving spouse and requiring spousal consent for a waiver of those benefits and thus were not preempted. "Their claims, they argue, affect only the disposition of

---

1. Dicta in *Mattei v. Mattei*, 126 F.3d 794, 809 (6th Cir.1997), suggesting that Kentucky contract law might be used to obtain indirectly what could not be obtained directly, is not binding precedent, is contrary to *Boggs*, and thus does not require a different result here. ERISA's spousal waiver requirements as set forth in § 1055 were not addressed in *Mattei v. Mattei*, 126 F.3d 794 (6th Cir.1997). There, the court held that a surviving spouse had

stated a cognizable ERISA claim against her deceased husband's estate and his daughter when she alleged that they had interfered with her right to obtain death benefits under her deceased husband's ERISA plan and had retaliated against her for a valid exercise of her ERISA rights when they stopped making payments to her in accordance with an antenuptial agreement after she sought and received the ERISA plan death benefits.

plan proceeds *after* they have been disbursed . . ., and thus nothing is required of the plan. ERISA's concern for securing national uniformity in the administration of employee benefit plans, in their view, is not implicated." *Id.* at 842, 117 S.Ct. 1754. The Supreme Court disagreed observing that "[t]he statutory object of the qualified joint and survivor annuity provision, along with the rest of § 1055, is to ensure a stream of income to surviving spouses." *Id.* at 843, 117 S.Ct. 1754. It further observed that "REA modified ERISA to permit participants to designate a beneficiary for the survivor's annuity, other than the nonparticipant spouse, only when the spouse agrees. § 1055(c)(2)." *Id.* Thus, under the current statutory scheme, "[e]ven a plan participant cannot defeat a nonparticipant surviving spouse's statutory entitlement to an annuity." *Id.*

■ The respondents' state law claims in *Boggs* were held to be preempted because they would undermine "ERISA's solicitude for the economic security of surviving spouses." *Id.* It did not matter if the state law claims were to be used to deprive the surviving spouse of plan benefits directly or indirectly. "If state law is not pre-empted, the diversion of retirement benefits will occur regardless of whether the interest in the pension plan is enforced against the plan or the recipient of the pension benefit." *Id.* at 853, 117 S.Ct. 1754. State law claims that seek to deprive the surviving spouse of ERISA benefits provided under § 1055 are preempted whether they seek to obtain the benefits directly from the plan administrator before distribution or from the surviving spouse after distribution. As the Court explained:

> The axis around which ERISA's protections revolve is the concepts of participant and beneficiary. When Congress has chosen to depart from this framework, it has done so in a careful and limited manner. Respondents' claims, if allowed to succeed, would depart from this framework, upsetting the deliberate balance central to ERISA. It does not matter than respondents have sought to

enforce their rights *only after* the retirement benefits have been distributed since their asserted rights are based on the theory that they had an interest in the undistributed pension plan benefits. Their state law claims are pre-empted. *Id.* at 854, 117 S.Ct. 1754 (emphasis added).

Likewise here, it does not matter that Defendant Estate seeks, through its remaining state law claims, to enforce its claimed right to the surviving spouse benefits only after they have been distributed since its rights are based on the theory that it had a right to the undistributed pension plan benefits in the first instance. *Accord Nat'l Auto. Dealers and Assoc. Retirement Trust v. Arbeitman,* 89 F.3d 496, 501 (8th Cir.1996) (observing that "any attempt to force compliance with the terms of the prenuptial agreement in equity was merely an attempt to evade the clear statutory requirements" of ERISA's spousal waiver provisions) (internal quotes and citations omitted); *Hurwitz v. Sher,* 982 F.2d 778, 781 (2nd Cir.1992).

Defendant Estate's attempt to limit *Boggs* to its facts is defeated by the Court's express statement to the contrary. "This case involves a community property claim, but our ruling will affect as well the right to make claims or assert interests based on the law of any State, whether or not it recognizes community property. Our ruling must be consistent with the congressional scheme to assure the security of plan participants and their families in every State." *Boggs,* 520 U.S. at 840, 117 S.Ct. 1754. In *Boggs,* the Court held that Sandra Boggs, as the surviving spouse, was entitled to a survivor's annuity under § 1055. She had not waived her right to that survivor's annuity, had not consented to having her deceased husband's sons designated as the beneficiaries to that annuity, and their state law claims to the contrary were preempted by ERISA.

■ The same is true here. Janice Ross is the surviving spouse of Louis Ross. Their premarital agreement cannot be

used to circumvent ERISA's spousal waiver requirements and to deprive Janice Ross, as Louis' surviving spouse, survivor benefits provided for under his ERISA pension plan. *See* September 8, 2000 Opinion and Order at 11–14. Defendant Estate's remaining state law claims are preempted because they too conflict with and frustrate the objectives of ERISA's § 1055. As the Supreme Court observed in *Boggs*, "[e]ven a plan participant cannot defeat a nonparticipant surviving spouse's statutory entitlement," and thus it would be odd to allow his Estate, which stands in the participant's shoes, to do so on state law grounds. *Boggs*, 520 U.S. at 843, 117 S.Ct. 1754.

The Sixth Circuit's recent decision in *Howell* does not require a different result. *Howell* did not address ERISA pension plan benefits subject to the spousal consent and waiver requirements set forth in § 1055 and addressed in *Boggs*. Rather than benefits paid to a surviving spouse under an ERISA pension plan, the Court in *Howell* addressed life insurance benefits under an ERISA employee welfare benefit plan. Section 1055's spousal waiver requirements and objectives do not apply in that context.[2] The critical distinction in *Boggs* and *Howell* is the distinction between ERISA benefits that are subject to ERISA's spousal waiver requirements and those that are not.

### B. The Estate's Requested Amendment Would be Futile

In light of the above discussion, the Court DENIES the Estate's motion to amend its complaint seeking to add to its prayer for relief a request that this Court impose a constructive trust on the surviving spouse benefits after they have been disbursed to Janice Ross. While leave to amend under Fed.R.Civ.P. 15(a) is liberal, it does not permit amendments that are futile. *See Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir.1999).

---

**2.** In *Howell*, the Court held that "once the benefits of an ERISA employee welfare benefit plan have been distributed according to

### C. Janice Ross' Rule 11 Motion for Sanctions

The 1993 amendments to Rule 11 provide that the imposition of sanctions for violations is discretionary rather than mandatory. *Ridder v. City of Springfield*, 109 F.3d 288, 293–94 (6th Cir.1997). The Sixth Circuit has adopted an objective test for imposing sanctions, where the individual's conduct must be "reasonable under the circumstances." *Union Planters Bank v. L & J Dev. Co., Inc.*, 115 F.3d 378, 384 (6th Cir.1997) (citations omitted). The district court's determination as to the reasonableness of counsel's conduct at the time the pleading or motion was filed is reviewed under an abuse of discretion standard. *Id.* The Court is required, however, to base an award of sanctions on an explicit factual basis. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 417–18 (6th Cir.1992). The party moving for Rule 11 sanctions must also satisfy the procedural requirements of subrule 11(c) which includes a 21 day safe harbor period. *Ridder*, 109 F.3d at 296.

Although Defendant Janice Ross has complied with Rule 11(c)'s procedural requirements, her motion for Rule 11 sanctions is DENIED. Defendant Estate did not violate Rule 11(b) by arguing that the Sixth Circuit's recent decision in *Howell* would allow its remaining state law claims to survive and thus allow the Court to impose a constructive trust on disbursed ERISA benefits. That the Court disagrees with this argument does not render it frivolous and thus a violation of Rule 11(b)(2). Defendant Janice Ross has not persuaded that Court that the Estate's opposition to its motion for summary judgment or its motion to amend its complaint were presented for an improper purpose, "such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" in violation of Rule 11(b)(1) or that the Estate has otherwise violated the subsections of Rule 11(b).

---

plan documents, ERISA does not preempt the imposition of a constructive trust on those benefits." *Howell*, 227 F.3d at 678–79.

## II. Conclusion

For the above stated reasons, Defendant Janice Ross' motion for summary judgment is GRANTED, Defendant Estate's motion to amend its complaint is DENIED, and Defendant Janice Ross' motion for Rule 11 sanctions is DENIED.